IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

MARCEL PERRY,                          )
                                       )
             Plaintiff,                )
v.                                     )          Civil Action No. 5:15-13345
                                       )
WARDEN COAKLEY, *et al.*,              )
                                       )
             Defendants.               )

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is the United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Document No. 11), filed on November 4, 2015. The Court notified Plaintiff pursuant to Roseboro v. Garrison, 528 F.2d 304 (4th Cir. 1975), that Plaintiff had the right to file a response to the United States' Motion and submit Affidavit(s) or statements and/or other legal or factual material supporting his claims as they are challenged by the Defendants in moving to dismiss. (Document No. 13.) Plaintiff filed his Response in Opposition on January 11, 2016. (Document No. 19.) Having examined the record and considered the applicable law, the undersigned has concluded that United States' Motion should be granted.

## FACTUAL AND PROCEDURAL HISTORY

On September 21, 2015, Plaintiff, acting *pro se* and an inmate at FCI Beckley, filed his Complaint in this matter seeking relief pursuant to the Federal Tort Claims Act [FTCA], 28 U.S.C. §§ 1346(b) and 2671, *et seq.*[1] (Document No. 1.) Plaintiff names Warden Coakley as the Defendant. (Id., p. 4.) Plaintiff alleges that Defendant Coakley acted with negligence concerning

---

[1]  Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

the maintenance of the softball field at FCI Beckley, which caused him to suffer a broken leg on June 15, 2015. (Id., pp. 4 - 5.) Plaintiff alleges that "over a two-year span, [he] personally informed the recreational staff and the Warden that the softball home plate and field needed to be fixed." (Id.) Plaintiff alleges that although he and other inmates complained numerous times, the Warden and prison staff failed to take any action to correct the known problem. (Id.) Plaintiff claims that he and other inmates have suffered injuries "due to the negligence of the Warden and his recreation staff to correct the problem." (Id.) Plaintiff asserts that "the failure of the institution to fix and repair the problem led to [his] injuries and constant suffering of pain that [he] goes through each and every day." (Id.) As relief, Plaintiff requests monetary damages. (Id.)

By Order entered on October 6, 2015, United Magistrate Judge R. Clarke VanDervort granted Plaintiff's Application to Proceed Without Prepayment of Fees and directed the Clerk to issue process.[2] (Document No. 6.) On November 4, 2015, the United States filed its Motion to Dismiss for Lack of Subject Matter Jurisdiction and Memorandum in Support. (Document Nos. 11 and 12.) First, the United States argues that it "is the only proper party in an action under the [FTCA] and should be substituted for Defendant Coakley." (Document No. 12, pp. 2 – 3.) Next, the United States argues that "Plaintiff failed to exhaust under the FTCA." (Id., pp. 3 – 4.) Accordingly, the United States contends that Plaintiff's Complaint should be dismissed without prejudice. (Id., p. 4.) As an Exhibit, the United States attaches the Declaration of Sarah Lilly. (Document No. 11-1.)

---

[2] By Standing Order, this matter was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.) By Order entered on January 6, 2016, the above case was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for deposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 17.)

Notice pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff on November 5, 2015, advising him of the right to file a response to the United States' Motion to Dismiss. (Document No. 13.) On January 11, 2016, Plaintiff filed his Response in Opposition. (Document No. 19.) As Exhibits, Plaintiff attached the following: (1) A copy of Plaintiff's Affidavit (<u>Id.</u>, pp. 7 – 9.); (2) A copy of Plaintiff's "Request for Administrative Remedy Informal Resolution Form" dated July 8, 2014 (<u>Id.</u>, pp. 10 – 11.); (3) A copy of Plaintiff's "Request for Administrative Remedy" dated August 5, 2014 (<u>Id.</u>, pp. 12 – 13.); (4) A copy of a "Rejection Notice" dated August 26, 2014, from the Administrative Remedy Coordinator at FCI Beckley (<u>Id.</u>, p. 14.); (5) A copy of Plaintiff's "Request for Administrative Remedy Informal Resolution Form" dated September 12, 2013 (<u>Id.</u>, p. 15); (6) A copy of Plaintiff's "Request for Administrative Remedy" dated September 23, 2014 (<u>Id.</u>, pp. 16 - 17.); (7) A copy of Warden Joe Coakley's Response denying Plaintiff's "Request for Administrative Remedy" (<u>Id.</u>, pp. 18 - 19.); (8) A copy of Plaintiff's "Regional Administrative Remedy Appeal" dated December 22, 2014 (<u>Id.</u>, pp. 20 - 21.); (9) A copy of a "Rejection Notice" dated February 2, 2015, from the Administrative Remedy Coordinator at the Mid-Atlantic Regional Office (<u>Id.</u>, p. 22.); (10) A copy of Plaintiff's "Central Office Administrative Remedy Appeal" dated July 21, 2015 (<u>Id.</u>, p. 23.); and (11) A copy of a "Rejection Notice" dated August 11, 2015, from the Administrative Remedy Coordinator at the Central Office (<u>Id.</u>, p. 24.).

## THE STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009)(quoting <u>Bell Atlantic Corporation v.</u>

Twombly, 550 U.S. 554, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although factual allegations must be accepted as true for purposes of a motion to dismiss, this principle does not apply to legal conclusions. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Twombly, 550 U.S. at 555, 127 S.Ct. at 1959. Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992).

## DISCUSSION

1.   **FTCA Claim:**

    A.   **The United States as a Party.**

In its Motion, the United States argues that the Defendant Coakley should be dismissed as to Plaintiff's FTCA claim and the United States substituted as the Defendant. (Document Nos. 11 and 12.) In Response, Plaintiff first argues that "Warden Coakley is an employee of the United States [and] he is also the Chief Executive Officer (CEO) of Federal Correctional Institution Beckley." (Document No. 19, pp. 1 – 2.) Plaintiff states that as the CEO, Warden Coakley "is ultimately responsible for both the employees as well as the everyday operations at FCI Beckley." (Id., p. 2.) Next, Plaintiff appears to argue that he intended to initiate a Bivens action instead of a FTCA action. (Id., pp. 2 – 3.)

4

The Federal Tort Claims Act [FTCA], 28 U.S.C. § 1346(b)(1) and 28 U.S.C. § 2671, *et seq.*, authorizes suits against the United States for damages for injuries or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the United States while acting within the scope of his or her office or employment under circumstances where the United States, if a private person, would be liable in accordance with the law of the place where the act or omission occurred. The FTCA provides at 28 U.S.C. § 2674 as follows:

> The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages.

Inmates may file claims of liability against the United States but may not assert claims of personal liability against prison officials for violations of their constitutional rights under the FTCA. Carlson v. Green, 446 U.S. 14, 21 - 23, 100 S.Ct. 1468, 1472 -74, 64 L.Ed.2d 15 (1980).

Although Plaintiff alleges that he only intended to assert a Bivens claim against Defendant Coakley, the undersigned notes that Plaintiff alleges that Defendant Coakley acted with negligence in failing to make repairs to the softball field. To the extent Plaintiff is asserting a FTCA claim based upon the alleged torts committed by Defendant Coakley, the undersigned finds that the United States must be substituted as the defendant. Accordingly, the undersigned recommends that Defendant Coakley should be dismissed as to Plaintiff's FTCA claim and the United States substituted as the Defendant.

### B.     Exhaustion of Administrative Remedies.

In its Motion, the United States argues that Plaintiff failed to exhaust his administrative remedies as to his FTCA claim, which deprives this Court of subject matter jurisdiction and

5

requires dismissal of his FTCA claims. (Document Nos. 11 and 12.) Specifically, the United States explains that Plaintiff did not file an administrative tort claim with the agency. (Document No. 12, pp. 3 - 4.) In support, the United States submits the Declaration of Ms. Sarah Lilly, a Legal Assistant for the Consolidated Legal Center at FCI Beckley. (Document No. 11-1.) Ms. Lilly declares that in her position she has access to SENTRY, the Bureau of Prisons' online system containing, among other things, information about inmates' administrative remedy filings. (Id.) Ms. Lilly explains that she also has access to information regarding inmates in the BOP's custody. (Id.) Specifically, Ms. Lilly states as follows in her Declaration: "A search of BOP files reveals no administrative tort claims filed by Plaintiff with the BOP." (Id.) In Response, Plaintiff again appears to argue that he did not intend to assert a FTCA claim. (Document No. 27, pp. 2 - 4.) Plaintiff further states that he "did exhaust the BOP's Administrative Remedy process and intended to seek damages above the FTCA limits as well as having a jury decide the damages as available in a Bivens action." (Id., p. 2.) Plaintiff explains that he does not "believe that the FTCA was the correct avenue to resolve this issue." (Id., p. 3.)

The Federal Tort Claims Act is a limited waiver of sovereign immunity. This waiver is subject to the condition that an administrative claim must first be submitted to the appropriate agency and denied before suit can be filed. See 28 U.S.C. § 2675(a).[3] See also Bellomy v. United

---

[3]   Title 28 U.S.C. § 2675(a) provides as follows:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of

States, 888 F. Supp. 760 (S.D.W.Va. 1995). As a general matter, filing a timely administrative claim is jurisdictional and cannot be waived. Ahmed v. United States, 30 F.3d 514, 516 (4th Cir. 1994) (citing Henderson v. United States, 785 F.2d 121, 123 (4th Cir. 1986); Muth v. United States, 1 F.3d 246 (4th Cir. 1993); Gibbs v. United States, 34 F.Supp.2d 405 (S.D.W.Va. 1999). Thus, before an inmate can bring a claim under the FTCA, the inmate must exhaust procedures specified at 28 C.F.R. §§ 14.1 to 14.115 and 543.30 to 543.32. Additionally, the Court cannot hold the case in abeyance while a plaintiff presents an administrative tort claim with the appropriate agency.[4] See Plyer v. United States, 900 F.2d 41, 42 (4th Cir. 1990)("Since the district court has no jurisdiction at the time the action was filed, it could not obtain jurisdiction by simply not acting on the Motion to Dismiss until the period had expired."). 28 U.S.C. § 2401(b) provides that a tort claim must be presented to the appropriate federal agency within two years after the claim accrues and the lawsuit must be commenced within six months after the receipt of a final agency decision.

Based upon a review of the record, the undersigned finds that Plaintiff failed to properly exhaust his administrative remedies pursuant to the FTCA. Although Plaintiff contends that he

---

the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

[4]  The administrative process which inmates must exhaust when they have complaints under the FTCA is spelled out at 28 C.F.R. §§ 14.1 - 14.11. To exhaust administrative remedies as required before filing an action under the FTCA, the inmate must first submit an administrative claim including a claim for money damages in a sum certain for the alleged injury sustained on a Standard Form 95 to the Federal agency whose activities gave rise to the claim. *Id.*, § 14.2(a) and (b)(1). After investigation and examination and informal attempts at resolving the inmate's claim as the circumstances may require, *Id.*, §§ 14.6 and 14.8, the agency may deny or approve the inmate's claim. If the agency denies the inmate's claim, he may file suit in the District Court within six months of the mailing of the denial. *Id.*, § 14.9(a). The Director of the Federal Bureau of Prisons is authorized to settle meritorious administrative Federal tort claims by providing monetary compensation. 28 C.F.R. §§ 0.96(k) and 0.172.

properly filed administrative remedies with the prison, the exhaustion requirements concerning

FTCA and <u>Bivens</u> actions differ.[5] Specifically, Plaintiff merely argues that he "exhausted the

BOP's Administrative Remedy process." (Document No. 19, p. 2.) Having examined Plaintiff's

Exhibits, the Court finds that the administrative remedies filed by Plaintiff relate to the

---

[5]  Exhaustion requirements concerning FTCA and *Bivens* actions differ. *See Davis v. United States*, 2007 WL 3473275 (N.D.W.Va. Nov. 13, 2007); *Murphy v. Inmate Systems Management*, 2008 WL 793631 (S.D.W.Va. Mar. 20, 2008). For *Bivens* purposes, proper exhaustion of available administrative remedies requires that "a prisoner must submit inmate complaints and appeals in the place, and at the time, the prison's administrative rules require." *Dale v. Lappin*, 376 F.3d at 655 (internal citations omitted); *also see Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378, 2382, 165 L.Ed.2d 368 (2006)(stating that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings"). The Federal Bureau of Prisons [BOP] has established an Administrative Remedy Program, 28 C.F.R. § 542.10, *et seq.*, through which an inmate may seek formal review of issues or complaints relating to confinement. Depending upon at what level an inmate initiates it, the BOP's Administrative Remedy Program is a three-step or four-step grievance procedure. As a general matter, a federal inmate is required first to attempt to resolve his complaints informally by the submission of an "Inmate Request to Staff Member" form. 28 C.F.R. § 542.13. The inmate's request may be rejected if improper, and the inmate will then be advised of the proper administrative procedure. *Id.* Within 20 days after the circumstances occurred which are the subject of the inmate's complaints, the inmate must complete this first step and submit a formal "Administrative Remedy Request" on a BP-9 form to an institution staff member designated to receive such Requests, 28 C.F.R. § 542.14(a) and (c)(4), or under exceptional circumstances to the appropriate Regional Director. *Id.*, § 542.14(d). The Warden of the institution and the Regional Director must respond to the inmate's Request within 20 and 30 days respectively. *Id.*, § 542.18. If the inmate's Request was directed to the Warden of the institution and the Warden's response is unfavorable, the inmate may appeal within 20 days to the Regional Director on a BP-10. *Id.*, § 542.15(a) and (b). If the inmate's Request went initially to the Regional Director, the inmate may appeal an unfavorable response to General Counsel on a BP-11 form within 30 days after the Regional Director signed the response. *Id.*, § 542.15(a). General Counsel has 40 days to respond to the inmate's appeal. *Id.*, § 542.18. The administrative process is exhausted when General Counsel issues a ruling on the inmate's final appeal. *Id.*, § 542.15(a). The entire process takes about 120 days to complete. An inmate's submission may be rejected at any level for failure to comply with the administrative remedy requirements or if the submission is written in an obscene or abusive manner. *Id.*, § 542.17(a). The inmate will be provided with notice of any defect and whether the defect is correctable. *Id.*, § 542.17(b). If a request or appeal is rejected and the inmate is not given an opportunity to correct the defect and resubmit, the inmate may appeal the rejection to the next appeal level. *Id.*, § 542.17(c).

exhaustion of his <u>Bivens</u> claim, not his FTCA claim. Plaintiff fails to produce any documents indicating that he exhausted his FTCA claim. Furthermore, Plaintiff again indicates that he did not intend to assert a FTCA claim.[6] Accordingly, the undersigned recommends that Plaintiff's FTCA claim be dismissed for failure to exhaust.

**2.**     **<u>Bivens Claim</u>:**

Plaintiff now claims that he wishes to seek relief for alleged violations of his constitutional and civil rights pursuant to <u>Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619 (1971). A <u>Bivens</u> action is a judicially created damages remedy which is designed to vindicate violations of constitutional rights by federal actors. <u>See</u> <u>Bivens</u>, 403 U.S. at 395 -97, 91 S.Ct. at 1999; <u>See also</u> <u>Carlson v. Green</u>, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980)(extending <u>Bivens</u> to Eighth Amendment claims); <u>Davis v. Passman</u>, 442 U.S. 228, 239 n. 18, 99 S.Ct. 2264, 2274 n. 18, 60 L.Ed.2d 846 (1979)(extending <u>Bivens</u> to allow citizen's recovery of damages resulting from a federal agent's violation of the Due Process Clause of the Fifth Amendment.) A <u>Bivens</u> action is the federal counterpart of an action under 42 U.S.C. § 1983. An action for money damages may be brought against federal agents acting under the color of their authority for injuries caused by their unconstitutional conduct. Proof of causation between the official's conduct and the alleged injury is necessary for there to be liability. A plaintiff asserting a claim under <u>Bivens</u> must show

---

[6] Plaintiff appears to argue that this Court should have known he intended to bring a *Bivens* action because he requested monetary damages in the amount of $1,000,000. (Document No. 19, pp. 2 - 3.) Plaintiff explains that his request for damages in the amount of $1,000,000 clearly exceeds the FTCA's "monetary limit" of $75,000. The undersigned finds that Plaintiff is incorrect in his assertion that the FTCA has a "monetary limit" of $75,000. The undersigned notes that only compensatory damages are available in FTCA actions, whereas compensatory and punitive damages are available under *Bivens*. *Dunbar Corp v. Lindsey*, 905 F.2d 754, 762 (4th Cir. 1990).

the violation of a valid constitutional right by a person acting under color of federal law.[7] The

United States Supreme Court has held that an inmate may name a federal officer in an individual

capacity as a defendant in alleging an Eighth Amendment constitutional violation pursuant to

Bivens. See Wilson v. Seiter, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed. 2d 171 (1991). However,

Bivens claims are not actionable against the United States, federal agencies, or public officials

acting in their official capacities. See FDIC v. Meyer, 510 U.S. 471, 475, 484-86, 114 S.Ct. 996,

127 L.Ed. 2d 308 (1994); Berger v. Pierce, 933 F.2d 393, 397 (6th Cir. 1991); Reingold v. Evers,

187 F.3d 348, 355 n. 7 (4th Cir. 1999).

The Eighth Amendment protects against the infliction of "cruel and unusual

punishments." As a general matter, prohibited punishments include those which "involve the

unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 103, 97 S.Ct. 285,

290, 50 L.Ed.2d 251 (1976)(quoting Gregg v. Georgia, 428 U.S. 153, 173, 96 S.Ct. 2909, 2925,

49 L.Ed.2d 859 (1976)). "It not only outlaws excessive sentences but also protects inmates from

---

[7] Inmates may file claims of liability against the United States under the FTCA but may not assert claims of personal liability against prison officials for violations of their constitutional rights. *Carlson v. Green*, 446 U.S. at 21-23, 100 S.Ct. at 1472 -74. By contrast, under *Bivens* inmates may assert claims of personal liability against individual prison officials for violations of their constitutional rights but may not assert claims against the government or prison officials in their official capacities. The Supreme Court held in *Carlson*, 446 U.S. at 18 - 21, 100 S.Ct. at 1471-72, that an inmate could pursue a *Bivens* action independent of a FTCA action. The Court found that Congress did not intend to pre-empt a *Bivens* remedy when it enacted the FTCA. *Id.* The Court noted that the legislative history of the FTCA "made it crystal clear that Congress views FTCA and *Bivens* as parallel, complementary causes of action." *Id.*, 446 U.S. at 19 - 20, 100 S.Ct. at 1471 -72. Relying upon *Carlson*, the Fourth Circuit found that the availability of relief under the FTCA does not automatically foreclose a *Bivens* action. *Dunbar Corp v. Lindsey*, 905 F.2d 754, 762 (4th Cir. 1990). The Court pointed out other distinctions between FTCA and *Bivens* actions in *Dunbar Corp.*: (1) only compensatory damages are available in FTCA actions, whereas compensatory and punitive damages are available under *Bivens* and (2) FTCA claims must be tried to the Court, whereas *Bivens* claims may be tried to a jury. *Id.*

inhumane treatment and conditions while imprisoned." Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). Thus, under the Eighth Amendment, sentenced prisoners are entitled to "adequate food, clothing, shelter, sanitation, medical care and personal safety." Wolfish v. Levi, 573 F.2d 118, 125 (2d Cir. 1978), rev'd on other grounds, Bell v. Wolfish, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). See also Farmer v. Brennan, 511 U.S. 825, 832, 114 S.Ct. 1970, 1976, 128 L.Ed.2d 811 (1994)(Supreme Court noted that Eighth Amendment imposes certain duties upon prison officials to "ensure that inmates receive adequate food, clothing, shelter and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'"), quoting Hudson v. Palmer, 468 U.S. 517, 526 - 27, 104 S.Ct. 3194, 3200, 82 L.Ed.2d 393 (1984)); Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981)(Court held that only those conditions depriving inmates of "the minimal civilized measure of life's necessities" are sufficiently grave to form the basis of an Eighth Amendment violation). The Eighth Amendment "does not mandate comfortable prisons." Rhodes v. Chapman, 452 U.S. at 349, 101 S.Ct. at 2400. "To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Id. at 347, 101 S.Ct. at 2399; Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995), citing Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992); Lopez v. Robinson, 914 F.2d 486, 490 (4th Cir. 1990).To establish a violation of the Eighth Amendment in the context of a challenge to conditions of confinement, an inmate must allege (1) a "sufficiently serious" deprivation under an objective standard and (2) that prison officials acted with "deliberate indifference" to the inmate's health and safety under a subjective standard. Wilson v. Seiter, 501 U.S. 294, 297-99, 111 S.Ct. 2321, 2323 - 2325, 115 L.Ed.2d 271 (1991). A sufficiently serious

deprivation occurs when "a prison official's act or omission . . . result[s] in the denial of the minimal civilized measure of life's necessities.'" Id. at 298, 111 S.Ct. 2321 (citing Rhodes v. Chapman, 452 U.S. at 347, 101 S.Ct. 2392)."In order to establish the imposition of cruel and unusual punishment, a prisoner must prove two elements – that 'the deprivation of [a] basic human need was objectively sufficiently serious,' and that 'subjectively the officials act[ed] with a sufficiently culpable state of mind.'" Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995)(quoting Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993)(quotation omitted)). See also White v. Gregory, 1 F.3d 267, 269 (4th Cir. 1991)("In *Strickler*, we held that a prisoner must suffer 'serious or significant physical or mental injury' in order to be 'subjected to cruel and unusual punishment within the meaning of the' Eighth Amendment.") The touchstone is the health of the inmate. Plaintiff in this case must therefore allege in the first place and eventually establish a "sufficiently serious" deprivation of "minimal civilized measures of life's necessities" and resulting "serious or significant physical or mental injury" in order to maintain and prevail upon his Eighth Amendment claim.

To establish the subjective component of deliberate indifference, an inmate must allege and prove each defendant's consciousness of the risk of harm to the inmate. See Farmer, supra, 511 U.S. at 840, 114 S.Ct. at 1980. In particular, an inmate must establish that the prison official "knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, supra, 511 U.S. at 837, 114 S.Ct. at 1979. An inmate may satisfy the subjective component of standard by showing that prison officials' delay in providing medical treatment caused unnecessary pain or the worsening of his condition.

Miltier v. Beorn, 896 F.2d 848, 853 (4th Cir. 1990)("Failure to respond to an inmate's known medical needs raises an inference that there was deliberate indifference to those needs."), overruled in part on other grounds, Farmer, 511 U.S. at 837, 114 S.Ct. at 1979, aff'd in pertinent part, Sharpe v. South Carolina Dept. of Corrections, 621 Fed.Appx. 732 (4th Cir. 2015); Cameron v. Sarraf, 128 F.Supp.2d 906, 911 - 912 (E.D.Va. 2000)("Yet, it is equally clear that mere negligence or delay is not sufficient to establish deliberate indifference.").

The allegations contained in Plaintiff's Complaint do not present a claim of constitutional magnitude. The undersigned finds that Plaintiff's allegation that Defendant Coakley's "negligence" resulted in his injuries is insufficient to state a claim under the Eighth Amendment. Plaintiff claims that Defendant Coakley was aware that the softball field needed repairs and failed to make repairs due to negligence. (Document No. 1, pp. 4 – 5.) It is well established that negligent or reckless conduct of prison officials is not actionable under Bivens. See Daniels v. Williams, 474 U.S. 327, 328, 106 S.Ct. 662, 663, 88 L.Ed.2d 662 (1986); Pink v. Lester, 52 F.3d 73, 75 (4th Cir. 1995); Miltier v. Beorn, 896 F.2d at 852. Furthermore, there is no allegation that Defendant Coakley deliberately failed to make necessary repairs knowing that Plaintiff was at a substantial risk of sustaining serious injuries. Accordingly, the undersigned finds that the facts and circumstances alleged by Plaintiff cannot be construed to implicate a constitutional right for the violation of which relief can be granted under Bivens.

## **PROPOSAL AND RECOMMENDATION**

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** the United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Document No. 11), **DISMISS**

Plaintiff's Complaint (Document No. 1), and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: July 6, 2016.

Omar J. Aboulhosn
United States Magistrate Judge