**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

MARCEL PERRY,

                  Plaintiff,

v.                                        CIVIL ACTION NO.   5:15-cv-13345

WARDEN COAKLEY,

                  Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Plaintiff's *pro-se Complaint* (Document 1) filed on September 21, 2015, wherein the Plaintiff alleges that he suffered a broken leg due to improper maintenance of the softball field at FCI-Beckley.   By *Standing Order* (Document 2) entered on September 22, 2015, this action was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636.   Due to the retirement of Magistrate Judge VanDervort, this matter was referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, on January 6, 2016.   On July 6, 2016, Magistrate Judge Aboulhosn submitted his *Proposed Findings and Recommendation* (PF&R) (Document 27).   Therein, it is recommended that this Court grant the *Motion of the United States of America to Dismiss for Lack of Subject Matter Jurisdiction* (Document 11), dismiss the Plaintiff's complaint, and remove this matter from the Court's docket.

The Plaintiff filed his objections, titled *Response to Proposed Findings and Recommendation* (Document 31), on August 8, 2016.[1]  For the reasons stated herein, the Court finds that the Plaintiff's objections should be overruled and the Magistrate Judge's PF&R adopted.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Magistrate Judge Aboulhosn's PF&R sets forth in great detail the procedural and factual history surrounding the Plaintiff's claims.  The Court now incorporates by reference those facts and procedural history.  In order to provide context for the ruling herein, the Court provides the following summary.

Plaintiff Marcel Perry brought this action against Warden Coakley of FCI- Beckley.  He states that Warden Coakley and prison staff were negligent in failing to fix problems with the softball home plate and field at FCI-Beckley, despite repeated complaints from inmates, including Mr. Perry.  Mr. Perry alleges that he suffered a broken leg on June 15, 2015, as a result of the poor maintenance of the softball field.  He seeks $1,000,000.  He pursued administrative remedies through the Bureau of Prisons' (BOP's) administrative remedy process, and his claim was denied at each level.

On November 4, 2015, the United States filed a motion to dismiss, seeking to substitute itself for Warden Coakley and asserting that the Plaintiff had not presented an administrative claim pursuant to the Federal Tort Claims Act (FTCA).  In response, the Plaintiff asserted that he intended to bring his claim under both the FTCA and *Bivens v. Six Unknown Federal Agents of*

---

1 The Plaintiff's objections were mailed on August 5, 2016, in accordance with the Court's *Order* (Document 30) granting him a brief extension.

*the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).   The Magistrate Judge recommends dismissal under both theories.

## STANDARD OF REVIEW

This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."   28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.   *Thomas v. Arn*, 474 U.S. 140, 150 (1985).   In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations."   *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).   When reviewing portions of the PF&R de novo, the Court will consider the fact that Petitioner is acting *pro se*, and his pleadings will be accorded liberal construction.   *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

## DISCUSSION

The Magistrate Judge explained that the United States must be substituted as the Defendant for the Plaintiff's FTCA claims.   He found that the Plaintiff's failure to file an administrative tort claim with the BOP mandates dismissal of the FTCA claims.   The Magistrate Judge next found that the Plaintiff's allegations of negligence in failing to maintain the softball field "do not present a claim of constitutional magnitude" that could be actionable under *Bivens*.   (PF&R at 13.)   Thus, he recommends dismissal.

3

The Plaintiff objects, arguing that Warden Coakley should be held liable for the condition of the softball field because of his position as "Chief Executive Officer" of the prison.   (Obj. at 1.)   He asserts that he exhausted administrative remedies to the best of his ability, listing the forms he filed in compliance with the BOP's administrative remedy program.

### A.   FTCA Claim

The FTCA requires that tort claims against the United States first be presented to the appropriate federal agency before suit may be initiated in federal court.   28 U.S.C. § 2675. "[T]he requirement of filing an administrative claim is jurisdictional and may not be waived." *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir. 1986).   A properly presented claim must include both "a completed SF 95 (or other written notification of an incident), and a claim for money damages in a sum certain."   *Kokotis v. U.S. Postal Serv.*, 223 F.3d 275, 278 (4th Cir. 2000) (internal emphases and quotation marks removed).   The BOP's administrative remedy program, which allows inmates to file complaints regarding any issue with the prison, staff, or conditions of confinement, is not a substitute for the proper presentation of a tort claim under the FTCA.   The Plaintiff did not submit an administrative claim compliant with the requirements of the FTCA, and this Court, therefore, lacks jurisdiction to consider his FTCA claims.[2]

### B.   Bivens Claim

*Bivens* established a cause of action against federal officials for the violation of an individual's Constitutional rights.   *Bivens v. Six Unknown Named Agents of Fed. Bureau of*

---

2  It is not entirely clear from the Plaintiff's objections that he intended to pursue relief under the FTCA.   He continues to argue that he was injured due to the negligence of Warden Coakley and prison staff, but only specifically addresses the requirements of a *Bivens* claim.   The Court notes that a judgment on the FTCA claim would bar a *Bivens* claim based on the same subject matter.   *See* 28 U.S.C. § 2676; *Sanchez v. McLain*, 867 F. Supp. 2d, 813, 817 (S. D. W. Va. 2011) (Johnston, J.).   However, given the nature of the claims and the Plaintiff's pro-se status, the Court has reviewed the findings with respect to any FTCA claim *de novo*.

*Narcotics*, 403 U.S. 388 (1971).   Unlike FTCA actions, which must be brought against the United States, *Bivens* suits must be brought against the individual official(s) who allegedly violated the Constitution.   "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."   *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).   Instead, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."   *Id.*

Prison officials may be held liable under the Eighth Amendment if they display deliberate indifference to a harmful prison condition or risk of harm to an inmate.   The Supreme Court has specified that "deliberate indifference entails something more than mere negligence."   *Farmer v. Brennan*, 511 U.S. 825, 835 (1994).   "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."   *Id.* at 837.

The Plaintiff's claim that Warden Coakley is responsible for injury allegedly caused by a poorly maintained softball field is not cognizable under *Bivens.*   First, the Plaintiff's allegations against Warden Coakley are based on his position as warden rather than any of his own actions or inactions.   Second, the Plaintiff's claim is based on the alleged negligence of prison officials in failing to make repairs to the field.   The Plaintiff does not allege any facts that would support a finding that Warden Coakley was aware that the softball field posed an excessive danger to inmate safety.   Accordingly, the Plaintiff's claim should be dismissed.

## CONCLUSION

WHEREFORE, after thorough review and careful consideration, the Court **ORDERS** that the Plaintiff's *Response to Proposed Findings and Recommendation* (Document 31) be **OVERRULED** and that the Magistrate Judge's *Proposed Findings and Recommendation* (Document 27) be **ADOPTED**.   The Court further **ORDERS** that the *Motion of the United States of America to Dismiss for Lack of Subject Matter Jurisdiction* (Document 11) be **GRANTED** and that this matter be **DISMISSED** and removed from the Court's docket.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge Aboulhosn, to counsel of record and to any unrepresented party.

ENTER:        September 12, 2016

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA